**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALAN M. BECKNELL, | : | |
| | : | Civ. No. 13-4622 (FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SEVERANCE PAY PLAN OF JOHNSON AND JOHNSON AND U.S. AFFILIATED COMPANIES, et al., | : | |
| | : | |
| Defendants. | : | |

**<u>WOLFSON, District Judge</u>**:

The instant putative class action arises out of Plaintiff Alan M. Becknell's ("Plaintiff") claim for benefits under section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132(a)(1)(B). Specifically, Plaintiff seeks, on his own behalf and a class similarly situated, severance pay benefits under the Severance Pay Plan of Johnson and Johnson and U.S. Affiliated Companies (the "Plan"). After Plaintiff filed the Complaint, Defendants, the Severance Pay Plan of Johnson and Johnson and U.S. Affiliated Companies and the Pension Committee of Johnson and Johnson (collectively, "Defendants") moved to dismiss Plaintiff's individual claim on the grounds that it is not timely under the terms of the Plan. For the following reasons, the Court holds that the Defendant cannot raise a timeliness defense as a *post hoc* justification for denial because Plaintiff's claim was never denied on that basis at the administrative level. Defendants' motion is **DENIED**.

## BACKGROUND

Johnson and Johnson employed Plaintiff for over thirty years.[1] Pl.'s Compl. ¶ 5. The Plan, an employee benefit plan, is self-insured as defined by ERISA. Id. at ¶ 6. At the time of his disability, Plaintiff was an "Eligible Employee" under the Plan. Id. at ¶¶ 33-35. On October 16, 2007, Plaintiff became unable to work because of medical conditions that "rendered him completely disabled from his position." Id. at ¶ 12. As a result, Plaintiff was approved for short-term disability ("STD") benefits through April 15, 2008. Id. at ¶ 13. After STD ended, Plaintiff was approved for long-term disability ("LTD") through June 11, 2009. Id.

It is undisputed that Plaintiff's employment ended no later than April 16, 2008, when he did not return to work. In Article 7.1(a), the Plan explicitly states:

> In the event an Eligible Employee has not received a Separation Agreement and Release providing for the payment of Plan benefits (or has received a Separation Agreement and Release that provides for the payment of Plan benefits in an amount that is less than the amount he or she believes to be due), the Eligible Employee must file a Claim with the Claims Administrator within one hundred-eighty (180) days after the Severance Event. In all other cases, the Eligible Employee must file a Claim with the Claims Administrator no later than one hundred-eighty (180) days after the date on which payments under the Plan were discontinued or reduced.

Id., Ex. A.

On October 25, 2012, Plaintiff submitted a written claim to Defendants for severance benefits under the Plan. Id. at ¶ 14. In order to be eligible for severance benefits, the Plan states the terms in Article 4.1(a):

---

[1] Defendants note that Plaintiff worked for an affiliate company of Johnson and Johnson.

> An Eligible Employee may be eligible for the benefits provided in Article 5 if termination of employment with a U.S. Affiliated Company is permanent and results from any one of the following Severance Event: (i) position elimination; (ii) an Eligible Employee's inability to meet the requirements of his or her position (as determined by management of the U.S. Affiliated Company employing the Eligible Employee at the time of termination); (iii) reduction in force; or (iv) for such other reasons as the Pension Committee may, in its sole discretion, deem appropriate.

Id. at 15, Ex. A.

Pursuant to the eligibility terms referenced-above, in a letter dated February 4, 2013, Defendants denied Plaintiff's claim for severance benefits. Id. at ¶ 16.  In support of the denial, the letter stated:

> Based on the terms of the Disability Plans, your employment ended at the point that your short-term disability period ended and you moved to long-term disability – on April 15, 2008. While you were an Eligible Employee immediately prior to April 15, 2008, your termination did not result from one of the severance events enumerated in Article 4.1(a) of the Plan, so you are not eligible to receive severance benefits under the terms of the Plan. In addition, since an individual is no longer an employee on regular payroll upon termination of employment, you ceased to be an Eligible Employee under Article 2.7 of the Plan as of April 15, 2008, so events subsequent to that time would not result in eligibility for benefits under the Pan. Accordingly, you are not eligible for severance under the terms of the Plan.

Id., Ex. B.

The February 4, 2013 Letter also informed Plaintiff of his right to appeal. Id. at ¶ 19. On March 4, 2013, Plaintiff filed an appeal challenging the determination; however,

3

to date, according to Plaintiff, Defendants never responded to the appeal or otherwise issued a decision.[2] Id. at ¶ 21. In Article 7.1(e), the Plan provides:

> "The Committee shall issue a written decision to the Eligible Employee on the Appeal within sixty (60) days after receipt of the Appeal (unless special circumstances, such as the need to hold a hearing, require an extension of time, in which case a decision shall be rendered as soon as possible but no later than one hundred-twenty (120) days after the filing of the Appeal)."

Id. at ¶¶ 19-20, Ex. A.

Plaintiff asserts, and Defendants do not dispute, that Defendants never sought an extension. After Defendants failed to render an appeal decision, Plaintiff filed the instant Complaint on July 31, 2013, alleging that the denial of his severance benefits is contrary to the terms of the Plan, pursuant to section 502(a)(1)(B) of the ERISA, 29 U.S.C. 1132(a)(1)(B).

## DISCUSSION

### I. STANDARD OF REVIEW

In reviewing a motion to dismiss on the pleadings, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). As such, a motion to dismiss for failure to state a claim upon which relief can be granted does not attack the merits of the action but merely tests the legal sufficiency of the complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 210

---

[2] Defendants do not claim that Plaintiff has not exhausted his administrative remedies in this matter.

4

(3d Cir. 2009) (internal quotations omitted); see also Fed. R. Civ. P. 8(a)(2) ("[a] pleading that states a claim for relief . . . must contain a short and plain statement of the claim showing the pleader is entitled to relief"). In other words, to survive a Fed R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

However, "the tenet that a court must accept as true all the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Plaintiff need not meet any particular "probability requirement" but must show that there is "more than a sheer possibility that the defendant has act unlawfully." Id. (citing Twombly, 550 U.S. at 556). Moreover, "context matters in notice pleading" and a complaint will fail to state a claim if the "factual detail in the claim is so underdeveloped that it does not provide a defendant with the type of notice of a claim which is contemplated by Rule 8." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).

When presented with a motion to dismiss, the court should engage in a two-part analysis. Fowler, 578 F.3d at 210. First, the court must separate the factual and legal elements of each claim. Id. It "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11 (citing Iqbal, 556 U.S. at 667). Second, the court must determine whether the facts alleged are "sufficient to show that the plaintiff has 'a plausible claim for relief.'" Id. at 211 (quoting Iqbal, 556 U.S. at 679). The plausibility determination is a "context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.  In other words, for the plaintiff to prevail, the "complaint must do more than allege the plaintiff's entitlement to relief;" it must "'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips, 515 F.3d at 234-35); see Covington v. International Ass'n of Approved Basketball Officials, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to 'set out in detail the facts upon which he bases his claim.' … The pleading standard 'is not akin to a 'probability requirement,'' … to survive a motion to dismiss, a complaint merely has to state a 'plausible claim for relief.'" (Citations omitted)).

**II.     Waiver**

In their motion to dismiss, Defendants argue, for the first time, that Plaintiff's claim for severance benefits is untimely under the terms of the Plan, and thus, the Complaint should be dismissed.  Plaintiff opposes the motion arguing that Defendants did not refer to, or rely on, the untimeliness of the claim to deny benefits during the administrative process.  Thus, at its core, the issue is whether Defendants waived the timeliness defense because they failed to deny Plaintiff's benefits on that basis during the administrative review.  Indeed, Defendants' denial was predicated solely on substantive grounds unrelated to the timeliness of Plaintiff's claim.

In the context of ERISA, each circuit has developed its own approach to the issue of waiver.  Some circuit courts prevent a plan administrator from relying on a defense in court that was not articulated in the administrative proceedings pursuant to the "Full and Fair Review" requirement under 29 U.S.C. § 1133.  See Glista v. Unum Life Ins. Co. of Am., 378 F.3d 113, 132 (1st Cir. 2004) (holding that defendant waived its right to rely on

6

a clause in the plan to support its denial of benefits after it failed to rely on that clause in its communications to plaintiff during the internal review process); Harlick v. Blue Shield of California, 686 F.3d 699, 719 (9th Cir. 2012) ("A plan administrator may not fail to give a reason for a benefits denial during the administrative process and then raise that reason for the first time when the denial is challenged in federal court, unless the plan beneficiary has waived any objection to the reason being advanced for the first time during the judicial proceeding."); Garrett v. Principal Life Ins. Co., --- Fed App'x ----, 2014 U.S. App. LEXIS 2884, *9-10 (10th Cir. 2014) (holding that "the district court properly declined to consider" the defendant's newly raised arguments because the court "consider[s] only the rationale asserted by the plan administrator in the administrative record."); Marlot v. Alliant Techsystems, Inc., 146 F.3d 617, 620 (8th Cir. 1998) (holding that the failure of the plan administrator to provide a rationale for its decision to deny benefits was contrary to ERISA, and the court is "free to ignore ERISA plan interpretations that did not actually furnish the basis for a plan administrator's benefits decision"); see also Lauder v. First Unum Life Ins. Co., 284 F.3d 375, 382 (2d Cir. 2002) (holding that the defendant waived the defense of lack of disability because it failed to investigate or challenge it during the administrative proceedings); Pitts By and Through Pitts v. Am. Sec. Life Ins. Co., 931 F.2d 351, 356 (5th Cir. 1991) (holding that the defendant waived its right to assert a defense to its liability under the policy).

Other circuits have acknowledged that waiver is possible in some factual circumstances. See Martinez-Claib, M.D. v. Bus. Men's Assur. Co. of Am., 349 Fed. App'x 522, 525 (11th Cir. 2009) (acknowledging that waiver might apply in the ERISA context, however, the court rejected plaintiff's waiver argument in the specific context of

7

the case); Thomason v. Aetna Life Ins. Co., 9 F.3d 645, 650 (7th Cir. 1993) ("While it might be appropriate to apply certain waiver principles to ERISA claims, the waiver principles upon which plaintiff relies are not among them."). Conversely, the Fourth Circuit has explicitly stated that the common law of ERISA "does not incorporate the principles of waiver and estoppel." White v. Provident Life & Acc. Ins. Co., 114 F.3d 26, 29 (4th Cir. 1997).

The Third Circuit has not squarely addressed the issue of wavier in the context of ERISA. Defendants, nonetheless, cite Gritzer v. CBS, Inc., 275 F.3d 291 (3d Cir. 2002), to support its position that waiver is not mandated here. In Gritzer, the plaintiff sought greater pension benefits from the employer defendant's ERISA plan. However, the plan administrator apparently never made any effort to analyze the claims or otherwise issue a decision during the administrative proceedings. Id. at 295. The Third Circuit treated this non-action as a denial. Id. at 296. In that context, the issue before the Gritzer court was what type of review or deference should the district court apply to the administrator's decision - or lack of decision - that constituted a denial. Id. at 296. While the circuit court explained that a *de novo* review of the administrator's decision applies in that situation, the court did not address the issue of waiver.

Defendants' argument is well taken, however. This Court recognizes that the Third Circuit in Gritzer allowed the plan administrator to offer its reasoning for a denial of the plaintiff's claim, during litigation, when it was clear that no reasons were given during the administrative proceedings. But, the Gritzer decision lacks any analysis on the issue of waiver; its sole focus was on the appropriate standard of review. More particularly, there is no discussion on whether permitting a plan administrator to provide

8

*post hoc* reasons in a subsequent lawsuit would violate notice provisions of ERISA. In fact, the Supreme Court in *Conkright v. Frommert*, 559 U.S. 506 (2010), a decision upon which Defendants also rely, raised that very question -- but did not decide -- whether it would violate ERISA's notice requirements if a district court considers a "Plan Administrator's [new] interpretation of the Plan [during litigation]." Id. at 522 n.2.[3] Rather, both Gritzer and Conkright were focused on the appropriate standard of review. These cases do not resolve important issues involving ERISA's notice provisions.

More recently, the Third Circuit in Pacconi v. Trutees of the United Mine Workers of Am., 264 Fed. App'x 216, 217 (3rd Cir. 2008), appears to have adopted the approach that district courts should not rely on a plan administrator's *post hoc* rationales for denying claims when it failed to provide those reasons during the administrative proceeding. The court explained that "ERISA requires employee benefit plans provide adequate notice to participants denied benefits under a plan setting forth the specific reasons for such denial so to afford a reasonable opportunity … for a full and fair review by the plan administrators." Id. at 217 (internal quotations and citations omitted). "To enable plan participants to contest denials of their claims, and to enable effective judicial review of the plan administrators' determinations, 'a reviewing court must focus on the evidence available to the plan administrator at the time of their decision and may not admit new evidence or consider *post hoc* rationales.'" Id. (quoting Flinders v. Workforce Stabilization Plan, 491 F.3d 1180, 1190 (10th Cir. 2007)(emphasis added).

---

[3] Contrary to Defendants' contention, the Supreme Court did not address whether it would violate ERISA's notice provision when plan administrators present reasons for denying benefits, for the first time, in a subsequent lawsuit.

9

Indeed, I find that Pacconi addresses the Third Circuit's previous concerns regarding a plan administrator offering *post hoc* reasons for denial:

> [I]t strikes us as problematic to … allow the administrator to "shore up" a decision after the fact by testifying as to the 'true' basis for the decision after the matter is in litigation, possible deficiencies in the decision are identified, and an attorney is consulted to defend the decision by developing creative *post hoc* arguments that can survive deferential review…. To depart from the administrative record in this fashion would, in our view, invite more terse and conclusory decisions from plan administrators, leaving room for the – or, worse yet, federal judges – to brainstorm and invent various proposed "rational bases" when their decisions are challenged in ensuing litigation.

Skretvedt v. E.I. DuPont de Nemours & Co., 268 F.3d 167, 178 n. 8 (3d Cir. 2001) abrogated on other grounds by Metro. Life. Ins. Co. v. Glenn, 554 U.S. 105 (2008). This approach is in line with those circuits which have specifically addressed the waiver issues in the ERISA context. See Nair v. Pfizer, Inc., Civ. No. 07-5203, 2009 U.S. Dist. LEXIS 48746, at *28 (D.N.J. Jun. 10, 2009)("the legal authority . . . militates against permitting defendant employers to 'shore up' a denial of benefits with additional bases after the employee has initiated suit under ERISA to recover those benefits.").

Moreover, specifically in the context of waivers related to timeliness, district courts within this circuit have consistently found that the defense of untimeliness is waived when the defendant fails to raise it in the administrative proceedings. See Connor v. Sedgwick Claims Mgmt. Servs., Inc., 796 F. Supp. 2d 568, 570 (D.N.J. 2011) ("The Court, therefore, concludes Defendant cannot raise a timeliness defense because Plaintiff's claim was never denied on that basis."); Haisley v. Sedgwick Claims Mgmt. Servs., Inc., 776 F. Supp. 2d 33, 28 (W.D. Pa. 2011) ("Having declined to invoke the ninety-day limitations period as a basis for denying [plaintiff's] LTD claim during the

course of the administrative proceedings, [defendants] cannot turn around and rely on it as a basis for defeating [plaintiff's] claims under ERISA."); Boby v. PNC Bank Corp. & Affiliates Long Term Disability Plan, Civ. No. 11-848, 2012 WL 3886916 (W.D. Pa. Sept. 6, 2012) ("Simply put, in light of Sedgwick's action in processing Plaintiff's LTD claim and appeal from the denial of such claim despite the fact the LTD claim clearly was not filed within the time limits set forth in the Plan, the Court finds that the Plan has waived the timeliness issue."); see also Shutts v. First Unum Life Ins. Co., 310 F. Supp. 2d 489 (N.D.N.Y. 2004) ("Accordingly… the Court concludes that Defendant has waived its right to dispute the timeliness of Plaintiff's filing of his notice of claim.").

In Connor, plaintiff brought an action against the plan administrator seeking reinstatement of her LTD benefits under defendant's plan. Connor, 796 F. Supp. 2d at 570. Plaintiff, however, filed her initial claim for LTD benefits approximately eight days late. Id. at 576. Defendant did not challenge, or deny the benefits claims, on the grounds of untimely filing during the administrative proceedings. See id. However, during litigation, the defendant argued that the plaintiff failed to timely file her claim, and thus, summary judgment should be entered on defendant's behalf. Id. Plaintiff argued, and the court agreed, that the defendant waived the defense of untimeliness because it is a *post hoc* justification for denial and it never formed a basis for the initial denial of the claim. Id.

In reaching this conclusion, the court reasoned that its role "is to determine whether [the defendant] abused its discretion and improperly denied Plaintiff's LTD benefit claim." Id. In order to resolve the inquiry, the district court examined the defendant's rationale for denying the benefits claims, "as evidenced by the administrative

11

record and explained in its denial letters to Plaintiff." Id.  Importantly, the court found that the defendant never denied the benefits claim on the basis of failure to timely file. Instead, the benefits claim "was denied on substantive grounds entirely unrelated to timeliness." Id.; see Haisley, 776 F. Supp. 2d at 28.  After finding that the benefits claim was denied on substantive grounds, the court did not permit "Defendant to utilize a timeliness argument … as a *post hoc* rationalization for Sedgwick's denial of benefits." Id. at 576-77 (citing Skretvedt, 268 F.3d at 178 n. 8); see Univ. Hosps. Of Cleveland v. Emerson Elec. Co., 202 F.3d 839, 848 n. 7 (6th Cir. 2000).

Similarly, in the instant matter, for the purposes of this motion, the parties do not dispute that Plaintiff untimely filed his severance benefit claim.  Indeed, the claim was filed on October 25, 2012, which was approximately four years after the alleged severance event.  Nevertheless, in denying Plaintiff's benefits, Defendants never raised the untimely filing as a basis for denial.  Rather, the benefits claim was denied on substantive grounds entirely unrelated to timeliness.  Now, however, Defendants wish to preclude Plaintiff from asserting his claim based on a timeliness defense that they failed to raise during the administrative proceedings.  The fact remains that "[t]he time to deny Plaintiff's claim on the basis of untimeliness has come and long gone." Connor, 796 F. Supp. 2d at 577. As a result, Defendants cannot utilize a timeliness argument as a *post hoc* rationalization for denial of Plaintiff's benefits claim.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss Plaintiff's Complaint on the grounds of timeliness is **DENIED**.

Date:   April 21, 2014                                          /s/  Freda L. Wolfson
                                                                FREDA L. WOLFSON, U.S.D.J.